UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dan Pederson *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Donald J. Trump for President, Inc.,<br><br>                    Defendant. | Case No. 0:19-cv-02735-JRT-HB |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Donald J. Trump for President, Inc. ("the Campaign"), by and through its undersigned counsel, hereby answers the Class Action Complaint ("Complaint") filed by Plaintiffs Dan Pederson, Connor Olson, and Shell Wheeler ("Plaintiffs") and states its affirmative defenses.  Any allegation not explicitly admitted is denied.  Headings contained in the Complaint are not substantive allegations to which an answer is required, and to the extent the headings are repeated in this Answer, it is solely for the Court's ease of reference.  To the extent those headings are substantive allegations to which an answer is required, the Campaign denies the allegations.

**AS TO THE INTRODUCTION**

1. The Campaign admits only that Plaintiffs filed the Complaint.  The Campaign denies that it negligently or willfully violated the Telephone Consumer Protection Act ("TCPA") or invaded Plaintiffs' privacy.  The Campaign lacks knowledge

or information sufficient to form a belief as to whether Plaintiffs' allegations are based upon personal knowledge or investigation conducted by their attorneys.

## AS TO THE NATURE OF THE ACTION

2.      The Campaign admits that President Donald J. Trump is a candidate running for the office of the President of the United States of America, that the Campaign is his official candidate committee, and that the Campaign is registered with the Federal Election Commission.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies that it sends messages with automatic telephone dialing equipment and without wireless users' prior express consent, in violation of the TCPA.

4.      Paragraph 4 purports to describe the TCPA and contains no factual allegations to which a response is required. To the extent a response is required, the Campaign respectfully refers the Court to the applicable statute for its full language and context.

5.      Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies that it caused Plaintiffs to suffer actual harm—including aggravation, nuisance, and invasion of privacy—and that it violated Plaintiffs' statutory rights.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies that Plaintiffs suffered a concrete

injury in fact that is likely to be redressed by a favorable decision in this action. The Campaign also denies that the October 16 text message Plaintiff Pederson allegedly received is fairly traceable to the Campaign. The Campaign lacks knowledge or information sufficient to form a belief as to whether the other text messages Plaintiffs claim to have received are fairly traceable to the Campaign.

7. The Campaign lacks knowledge or information sufficient to form a belief as to whether unsolicited text messages cause any of the generic injuries listed in paragraph 7. The Campaign denies any implication that its conduct caused Plaintiffs to suffer any of these injuries.

8. The Campaign admits only that Plaintiffs have sought an injunction, statutory damages under the TCPA, costs, and reasonable attorneys' fees. The Campaign denies that Plaintiffs are entitled to any such relief under the law and facts of this case.

## AS TO JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign lacks knowledge or information sufficient to form a belief as to whether jurisdiction would be proper under 28 U.S.C. § 1332(d)(2) if all other elements of subject matter jurisdiction were satisfied, and it therefore denies the allegations on that basis. The Campaign denies that jurisdiction is proper for the additional reason that Plaintiffs have failed to establish that they suffered a concrete injury in fact, and Plaintiff Pederson has failed to establish that the October 16 text message is fairly

3

traceable to the Campaign. Because none of the Plaintiffs have standing to pursue their claims, this Court lacks subject matter jurisdiction over this case.

10. The Campaign admits that jurisdiction would be proper under 28 U.S.C. § 1331 if all other elements of subject matter jurisdiction were satisfied. The Campaign denies, however, that jurisdiction is proper because Plaintiffs have failed to establish that they suffered a concrete injury in fact, and Plaintiff Pederson has failed to establish that the October 16 text message is fairly traceable to the Campaign. Because none of the Plaintiffs have standing to pursue their claims, this Court lacks subject matter jurisdiction over this case.

11. The Campaign admits that venue is proper in this Court only as to Plaintiff Wheeler's and Plaintiff Olson's claims because the Campaign, at all times relevant to this case, was doing business in the State of Minnesota. The Campaign denies that venue is proper in this Court as to Plaintiff Pederson's claim because Plaintiff Pederson entered into a mandatory arbitration agreement requiring arbitration of his claim in Washington, D.C. The Campaign lacks knowledge or information sufficient to form a belief as to whether a substantial part of the alleged events giving rise to Plaintiffs' claims occurred in this jurisdiction.

## **AS TO PARTIES**

12. The Campaign lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.

13. The Campaign lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13.

14. The Campaign lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14.

15. The Campaign admits that it maintains its corporate office at 725 Fifth Avenue, New York, NY 10022 and that it is a "person" as defined by 47 U.S.C. § 153(39).

16. The Campaign admits that, at all times relevant to this case, it conducted business in the state of Minnesota and within this judicial district.

### AS TO THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *ET SEQ.*

17. Paragraph 17 purports to describe the TCPA and contains no factual allegations to which a response is required.  To the extent a response is required, the Campaign respectfully refers the Court to the text of the statute for its full language and context.

18. Paragraph 18 purports to describe the TCPA and contains no factual allegations to which a response is required.  To the extent a response is required, the Campaign states that the text of the TCPA speaks for itself.

19. Paragraph 19 purports to describe the Federal Communications Commission's ("FCC") Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014

(2003), and contains no factual allegations to which a response is required. To the extent a response is required, the Campaign states that the Report and Order speaks for itself.

20.     Paragraph 20 purports to describe the TCPA and the FCC's January 2008 Declaratory Ruling and contains no factual allegations to which a response is required. To the extent a response is required, the Campaign states that the text of the statute and the Report and Order speak for themselves. The Campaign denies Plaintiffs' legal conclusion that the burden is on the Campaign to demonstrate that Plaintiffs provided express consent within the meaning of the statute.

21.     Paragraph 21 purports to describe the Ninth Circuit's opinion in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009), and contains no factual allegations to which a response is required. To the extent a response is required, the Campaign respectfully refers the Court to the Ninth Circuit's opinion for its full text and context.

22.     Paragraph 22 purports to describe the TCPA and the FCC's rules and contains no factual allegations to which a response is required. To the extent a response is required, the Campaign states that the text of the TCPA and the FCC's rules speak for themselves.

23.     Paragraph 23 purports to describe and quote FCC enforcement advisory number 2016-03 and contains no factual allegations to which a response is required. To the extent a response is required, the Campaign states that the FCC's enforcement advisory speaks for itself.

24. Paragraph 24 purports to quote the Ninth Circuit's opinion in *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *1 (9th Cir. 2018), and contains no factual allegations to which a response is required. To the extent a response is required, the Campaign respectfully refers the Court to the *Marks* opinion for its full text and context.

## AS TO FACTUAL ALLEGATIONS

25. The Campaign admits only that it devised and implemented a program of using text messages to transmit political communications. The Campaign denies that it uses or has used an automatic telephone dialing system as part of this program.

26. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiff Wheeler received the text message alleged in paragraph 26.

27. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiff Wheeler clicked the hyperlink alleged in paragraph 27 and whether that hyperlink directed him to DonaldJTrump.com.

28. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiff Olson received the text message alleged in paragraph 28.

29. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiff Olson clicked the hyperlink alleged in paragraph 29 and whether that hyperlink directed him to DonaldJTrump.com.

30. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiff Pederson received the text message alleged in paragraph 30.

31. The Campaign denies that it did not obtain express consent from Plaintiff Pederson prior to sending him text messages. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiffs Wheeler and Olson provided their prior express consent to receive messages from the Campaign.

32. The Campaign lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies that it sent Plaintiffs unsolicited text messages using an automatic telephone dialing system or an artificial prerecorded voice system.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign lacks knowledge or information sufficient to form a belief as to whether the three ten-digit phone numbers from which the text messages at issue allegedly originated all resulted in an error message or disconnected dial tones when called by Plaintiffs. The Campaign denies that, if this allegation were true, it would prove that the text messages were sent using an autodialer.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that the text messages were generic and that the alleged generic nature of the text messages constitutes evidence that an autodialer was used to send them.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies that the text messages use a prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

37. Paragraph 37 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that the text messages were identical and that the alleged identical nature of the text messages establishes that they were not manually dialed or written.

38. The Campaign admits only that it sends text messages using peer-to-peer technology. The Campaign denies that the text messages constitute "spam" and that it uses or has used an autodialer to send text messages.

39. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiff Pederson received the text message alleged in paragraph 39.

40. The Campaign denies that Plaintiff Pederson has never voluntarily provided his number ending in 1848 to the Campaign.

41. The Campaign admits that its privacy policy for the SMS campaign is found on the website http://www.sms-terms.com/88022 and that this texting program allows users to receive SMS/MMS mobile messages by users affirmatively opting into the program. The Campaign denies that Plaintiff Pederson did not affirmatively opt into this program.

42. The Campaign denies that it sent any text messages using an automatic telephone dialing system or an artificial or prerecorded voice.

9

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that the text message Plaintiff Pederson received was generic and that the alleged generic nature of the text message constitutes evidence that an autodialer was used to send it.

44. The Campaign lacks knowledge or information sufficient to form a belief as to whether Plaintiffs incurred a charge for incoming calls to their cellular telephone numbers.

45. The Campaign admits that the messages at issue were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

## AS TO CLASS ACTION ALLEGATIONS

47. The Campaign admits only that Plaintiffs purport to bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek to represent the putative class defined in paragraph 47 of the Complaint. The Campaign otherwise denies the allegations in paragraph 47 of the Complaint and specifically denies that class certification is appropriate.

48. The Campaign admits only that Plaintiffs so allege. The Campaign otherwise denies the allegations in paragraph 48 of the Complaint.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations contained in Paragraph 49 and specifically denies that this matter should be certified as a class action.

50. The Campaign denies all of the allegations contained in Paragraph 50. The Campaign specifically denies that it illegally contacted Plaintiffs and members of the putative Classes, that it caused Plaintiffs and members of the putative Classes any injury, and that it invaded their privacy.

51. The Campaign admits only that Plaintiffs purport to seek damages and injunctive relief on behalf of the Classes and that they expressly intend not to request any recovery for personal injury and claims related thereto. The Campaign denies that Plaintiffs have the right to expand the definitions of the Classes.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

57.     Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

58.     Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

### AS TO FIRST CAUSE OF ACTION:  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227 ET SEQ.

59.     The Campaign admits only that Plaintiffs so allege.

60.     Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.  The Campaign specifically denies that it sent text messages using a random or sequential number generator and without human intervention.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

62.     Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.  The Campaign specifically denies that it sent Plaintiff Pederson text messages without his prior express consent.

63.     Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.  The Campaign specifically denies that it violated the TCPA.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that Plaintiffs and any alleged members of the putative Class are entitled to relief in this matter.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

### AS TO SECOND CAUSE OF ACTION: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227 ET SEQ.

66. The Campaign admits only that Plaintiffs so allege.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that it sent text messages using a random or sequential number generator and without human intervention.

68. Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that it sent Plaintiff Pederson text messages without his prior express consent.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that it violated the TCPA.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that Plaintiffs and any alleged members of the putative Class are entitled to relief in this matter.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations.

## AS TO PRAYER FOR RELIEF

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that it negligently violated the TCPA.

74. The Campaign admits only that Plaintiffs seek injunctive relief. The Campaign denies that Plaintiffs are entitled to such relief.

75. The Campaign admits only that Plaintiffs seek any other relief that the Court may deem just and proper. The Campaign denies that Plaintiffs are entitled to such relief.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, the Campaign denies the allegations. The Campaign specifically denies that it willfully and/or knowingly violated the TCPA.

77.     The Campaign admits only that Plaintiffs seek injunctive relief. The Campaign denies that Plaintiffs are entitled to such relief.

78.     The Campaign admits only that Plaintiffs seek any other relief that the Court may deem just and proper. The Campaign denies that Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

Without admitting any of the facts alleged in the Complaint, the Campaign hereby asserts and alleges the following separate and additional defenses, without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs, and without prejudice to the Campaign's right to argue that Plaintiffs bear the burden of proof as to any one or more of said defenses. Furthermore, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiffs are entitled to any relief whatsoever. The Campaign has insufficient knowledge or information as to whether it may have additional, as yet unasserted, defenses. The Campaign therefore reserves the right to assert additional defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or a claim for which the relief sought may be awarded.

## SECOND DEFENSE

Plaintiffs and/or alleged members of the putative class lack standing to pursue their claims because they have failed to establish a cognizable injury in fact. Plaintiff Pederson lacks standing to pursue his claim based on the October 16 text message for the separate and independent reason that he has failed to show that the message is fairly traceable to the Campaign.

## THIRD DEFENSE

Plaintiffs' claims and/or the claims of the putative class fail because Plaintiffs and/or alleged members of the putative class provided their prior express consent to receive the text messages at issue.

## FOURTH DEFENSE

Plaintiffs and/or alleged members of the putative class may not prosecute their claims in this Court because those claims are subject to mandatory arbitration.

## FIFTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class must fail because the statute pursuant to which they have brought their claims, the TCPA, is unconstitutional.

## SIXTH DEFENSE

The purported damages allegedly suffered by Plaintiffs and/or alleged members of the putative class are the result of the acts or omissions of third persons over whom the Campaign had neither control nor responsibility, or of Plaintiffs or alleged members of the

putative class themselves. To the extent the Campaign has any liability, that liability must be satisfied by the other parties or third parties at fault.

### SEVENTH DEFENSE

Plaintiffs and/or alleged members of the putative class cannot claim a TCPA violation because they did not receive the text messages that were allegedly sent.

### EIGHTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class fail because Plaintiffs or alleged members of the putative class failed to take reasonable steps to mitigate their alleged damages, if any, and their recovery must be barred or diminished accordingly.

### NINTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class fail because Plaintiffs fail to fairly and adequately protect the interests of the class.

### TENTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class are barred, in whole or in part, by the applicable statute of limitation and/or by statutory filing deadlines which they failed to meet.

### ELEVENTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver, and/or unclean hands.

June 22, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　/s/ *Benjamin L. Ellison*
　　　　　　　　　　　　　　　　Benjamin L. Ellison (#392777)
　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　90 South Seventh Street, Suite 4950
　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　Phone:  (612) 217-8800
　　　　　　　　　　　　　　　　Fax:  (844) 345-3178
　　　　　　　　　　　　　　　　bellison@jonesday.com

　　　　　　　　　　　　　　　　Brett A. Shumate*
　　　　　　　　　　　　　　　　Kaytlin L. Roholt*
　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　51 Louisiana Avenue, N.W.
　　　　　　　　　　　　　　　　Washington, D.C.  20001
　　　　　　　　　　　　　　　　Phone:  (202) 879-3939
　　　　　　　　　　　　　　　　Fax:  (202) 626-1700
　　　　　　　　　　　　　　　　bshumate@jonesday.com
　　　　　　　　　　　　　　　　kroholt@jonesday.com

　　　　　　　　　　　　　　　　*Counsel for Defendant Donald J. Trump for President, Inc.*

　　　　　　　　　　　　　　　　*admitted *pro hac vice*