UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:19-cv-02735-JRT-HB

| | |
|---|---|
| SHELL WHEELER, CONNOR OLSON and DAN PEDERSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC., a principal campaign committee,<br><br>Defendant. | **RULE 26(f) REPORT** |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) on June 25, 2020, and prepared the following report.

The pretrial conference in this matter is scheduled for July 9, 2020, at 1:00 p.m. before United States Magistrate Judge Hildy Bowbeer.

## DESCRIPTION OF CASE

1. **Concise Factual Summary of Plaintiffs' Claims:**

Plaintiffs bring class action claims against Defendant for negligently, and/or willfully contacting Plaintiffs through text messages on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy.

2. **Concise Factual Summary of Defendant's Defenses:**

Plaintiffs allege that Defendant used an autodialer to send them text messages in violation of the TCPA. Defendant moved to dismiss Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6), arguing that: (1) all Plaintiffs lacked standing because the receipt of a single text message is insufficient to constitute a concrete injury in fact under Article III; (2) Plaintiff Pederson lacked standing to challenge the October 16 text message because he failed to establish it was traceable to Defendant; (3) Plaintiff Pederson provided his prior express consent to receive text messages; and (4) all Plaintiffs failed to plausibly allege the use of an autodialer. *See* Def.'s

Mem. in Support of Mot. to Dismiss [Dkt. No. 17]. Defendant also moved to compel arbitration of Plaintiff Pederson's claim, arguing that Pederson had agreed to arbitrate his dispute with Defendant when he entered his information on Defendant's website. *Id.*

On June 8, 2020, the District Court issued an Order denying Defendant's Motion to Dismiss and its Motion to Compel Arbitration. *See* Mem. Op. and Order Denying Mot. to Dismiss [Dkt. No. 38]. On June 15, 2020, Defendant filed a Notice of Appeal of the Court's Order denying Defendant's Motion to Compel Arbitration of Plaintiff Pederson's claim. *See* Notice of Appeal [Dkt. No. 40]. That same day, Defendant filed a Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. *See* Def.'s Mot. to Certify and Stay [Dkt. No. 41]. In that Motion, Defendant requested certification of two issues: (1) whether receiving a single text message constitutes a concrete injury for purposes of Article III standing; and (2) whether a device that stores lists of numbers qualifies as an autodialer under the TCPA. Defendant also requested that the Court stay proceedings in this matter pending appeal. That Motion is now fully briefed.

Defendant maintains that all of Plaintiffs' claims fail as a matter of law because (1) Plaintiffs have not suffered a cognizable injury under Article III; and (2) Defendant did not use an autodialer to send the alleged text messages. Plaintiff Pederson's claim fails for the additional reasons that (1) the October 16 text message is not traceable to the Campaign; (2) his claim is subject to mandatory arbitration in Washington, D.C.; and (3) he provided his prior express consent to receive the messages at issue.

For the reasons explained in Dkt. No. 41, Defendant respectfully requests that this Court stay all discovery and refrain from setting any deadlines in this matter until the District Court rules on its Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings.

3. **Statement of Jurisdiction (including statutory citations):**

   **Plaintiffs' Position:** Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek up to $1,500 in damages for each text messages in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of the Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

Defendant has already moved to dismiss Plaintiffs' claims on the basis of standing, however this Court denied Defendant's motion on June 8, 2020. Dkt. No. 38.

**Defendant's Position:** Jurisdiction is not proper because Plaintiffs have failed to establish that they have suffered a concrete injury in fact under Article III, and Plaintiff Pederson has failed to establish that the October 16 text message is fairly traceable to Defendant. Because none of the Plaintiffs have standing to pursue their claims, this Court lacks subject matter jurisdiction over this case.

4. **Summary of Factual Stipulations or Agreements:**

   The parties have agreed to electronic service for discovery requests and responses.

5. **Statement of whether a jury trial has been timely demanded by any party.**

   Plaintiffs have demanded a jury trial.

6. **Statement of whether all process has been served.**

   All process has been served.

7. **If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured:**

   Defendant has no applicable insurance coverage for this matter.

8. **If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.**

   The Parties **do not** agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota.

**CLASS CERTIFICATION MOTION**

**Plaintiffs' Position:**

1. Plaintiffs shall file their motion for class certification on or before **April 9, 2021.**
2. Defendant shall file papers in opposition on or before **May 7, 2021.**
3. Plaintiffs reply shall be filed on or before **May 28, 2021**.

Plaintiff disagrees with Defendant's position of refraining from setting deadlines until after a ruling on Defendant's Motion for Certification and Stay and also disagrees that

the Court refrain from setting class certification deadlines until after a summary judgment is ruled upon. This position is discussed in more detail in the Bifurcation of Discovery section herein.

**Defendant's Position:**

For the reasons explained in Dkt. No. 41, the Court should not set deadlines for briefing Plaintiffs' class certification motion until after the District Court has ruled on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal. It would therefore be premature to set deadlines for class certification briefing at this time.

In the event that the District Court denies Defendant's Motion for a Stay of Proceedings, this Court should nonetheless refrain from setting a briefing schedule for Plaintiffs' class certification motion until after ruling on Defendant's motion for summary judgment. As explained below, Defendant believes that discovery in this matter should be bifurcated between merits and class discovery, with the first phase of discovery focusing on the merits of Plaintiffs' individual claims. Defendant expects to file an early motion for summary judgment based on the evidence produced during merits discovery. Only if the Court denies Defendant's motion for summary judgment, and class discovery thus becomes necessary, should this Court set a briefing schedule for Plaintiffs' class certification motion.

## FACT DISCOVERY

1. **Initial Disclosures**

    **Plaintiffs' Position:** Plaintiff proposes exchanging initial disclosures no later than July 9, 2020 pursuant to Federal Rule of Civil Procedure 26(a)(1)(C).

    **Defendant's Position:** Defendant objects to initial disclosures under Rule 26(a)(1)(C) on the ground that they are not appropriate at this time. For the reasons explained in Dkt. No. 41, this Court should stay all discovery in this matter pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal. Setting a deadline for initial disclosures would therefore be premature at this time.

    In the event that the District Court denies Defendant's Motion, or this Court overrules Defendant's objection to initial disclosures, Defendant proposes that the parties make their initial disclosures within **14 days** after such ruling.

2. **Fact Discovery Procedures**

   **Plaintiffs' Position:**  Fact discovery procedures shall be commenced in time to be completed on or before **July 9, 2021**.  The parties have discussed whether an interim date for the substantial completion of document production should be set to facilitate the scheduling and taking of depositions.  If so, Plaintiffs propose that document production should be substantially complete by **July 9, 2021.**

   **Defendant's Position:**  For the reasons explained in Dkt. No. 41, this Court should stay all discovery, including fact discovery, and refrain from setting discovery deadlines in this matter pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings.  If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal.  It would therefore be premature for this Court to set fact discovery deadlines at this time.

3. **Bifurcation of Discovery**

   **Plaintiffs' Position:**  Plaintiffs **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others and object to Defendant's bifurcation described below.  Federal Rule of Civil Procedure Rule 26 states that the "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" Defendant's request that discovery be bifurcated into only individual merit-based discovery then class discovery will only serve to delay these proceedings and ensure an unnecessary expenditure of time and other resources by the Parties and the Court.

   In addition and even more importantly, the information necessary to establish that the dialers used to text the individual Plaintiffs requires classwide discovery requests as the dialers used to text the Plaintiffs would be the same dialers used to text the proposed classes and the classwide data in Defendant's possession (*i.e.* date, time and content of text messages sent to the class per day by each dialing system) will assist in establishing that an ATDS was used. "Where a plaintiff alleges that other people have also received similar unsolicited text messages, courts may draw support for the inference that an ATDS was used." *Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021, 1030 (N.D. Cal. 2017).  Here, classwide data showing the same text message sent on the same day and at the same time to the class members will assist to support Plaintiffs' ATDS argument on an individual and classwide basis.

   Additionally, as to consent, as all Plaintiffs dispute any prior relationship with Defendant or signing up on Defendant's website, classwide information regarding how Defendant receives lists of individuals to send promotional text messages (for ex-

ample by data purchases or web scraping) will assist to supporting Plaintiffs' individual claims that they did not consent to Defendant's messages.

Other Courts in the District have rejected a defendant's request for bifurcation and Plaintiffs request that this Court allow discovery to proceed per the Federal Rules. See *Hayes v. Renters Warehouse*, Court File No. 19-cv-2909 (NEB/BRT) see Order denying bifurcation ECF #25 at page 3.

**Defendant's Position:**   For the reasons explained in Dkt. No. 41, this Court should refrain from setting discovery deadlines until after the District Court resolves Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings.  If the District Court denies Defendant's Motion, this Court should order discovery to be conducted in the following phases:  (1) discovery related to the merits of Plaintiffs' individual claims; and then, if necessary, (2) class discovery.

Conducting merits-based discovery first would allow the parties to resolve two key threshold liability issues at the outset, without the need to engage in burdensome class discovery:  (1) whether an autodialer was used to send the messages; and (2) whether Plaintiffs consented to receive messages.  Limited, first-stage production of documents related to the equipment used to send the texts at issue would resolve whether an autodialer was used without any need for the parties to engage in costly and time-consuming class discovery.  Similarly, limited discovery on the consent issue would resolve whether Plaintiffs consented to receive messages.  At the conclusion of the first phase of discovery, Defendant expects to file a motion for summary judgment on both of these issues.  If this motion is granted as to either issue, Plaintiffs' claims will be dismissed, and the parties will not need to engage in class discovery at all.  Bifurcation of discovery is therefore warranted because it has the potential to save the parties from the burden and expense of unnecessary class discovery.  *See, e.g.*, *Beseke v. Equifax Info. Servs.*, No. 17-cv-4971-DWF-KMM (D. Minn. Jan. 29, 2018), ECF No. 22 ("The . . . schedule contemplates an initial phase of discovery with respect to [the] individual claims, followed by cross summary judgment motions.  In the event that the case survives past the summary judgment stage, there will be a second phase of discovery limited to the class claims and the propriety of class certification, followed by motions related to class certification.  This schedule best serves the needs of efficiency and conservation of resources, while reaching an expeditious resolution of the issues in the case.").

Federal courts have granted similar motions to bifurcate discovery in TCPA cases, proceeding first with discovery on the merits of plaintiffs' claims and then, if necessary, with class discovery.  *See e.g.*, *Boehm v. Pure Debt Solutions Corp.*, No. 8:19-cv-001177-LSC-CRZ (D. Ne. Sept. 13, 2019), ECF No. 41 (bifurcating merits and class discovery in a TCPA lawsuit and ordering initial discovery to "focus[] solely on whether Plaintiff has a cognizable claim"); *Am.'s Health & Res. Ctr., Ltd.*

v. *Promologics, Inc.*, No. 16-cv-9281, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (bifurcating merits and class discovery in a TCPA lawsuit because "some limited, first-stage production could stave off substantial wasted efforts"); *Physicians Healthsource, Inc. v. Janssen Pharm.*, Inc., No. 12-cv-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (bifurcating discovery in a TCPA case because doing so "ha[d] the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery" and would "allow the Court to address a narrow, potentially dispositive issue in a timely and cost effective manner").

In addition, bifurcating discovery will promote judicial economy and efficiency because class discovery will likely raise serious First Amendment concerns possibly resulting in discovery disputes and motions practice before this Court. The Supreme Court has recognized that the forced disclosure of political associations raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association." *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) (blocking order requiring disclosure of NAACP's member list). Compelled disclosure of campaign-related communications in civil discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of ideas." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010) (blocking civil discovery order compelling production of internal campaign communications relating to strategy, messaging, and advertising). Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Id*. at 1160 (citing *AFL-CIO v. FEC*, 333 F.3d 168, 175 (D.C. Cir. 2003)). Plaintiffs' discovery requests implicate these First Amendment concerns because they seek, among other things, a list of the Campaign's supporters and internal communications regarding the Campaign's strategy and messaging. Because class-wide discovery threatens to force the Campaign to reveal information protected by the First Amendment, it would be more efficient for the parties to focus on merits discovery first, because the Court may be able to avoid these First Amendment issues if it defers class discovery. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1029 (8th Cir. 2014) (recognizing "a foundational principle in our legal system … that courts must make every effort to avoid deciding novel constitutional questions").

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a. No more than a total of **25** interrogatories served by each party on each party, counted in accordance with Rule 33(a), for each side.
    b. No more than **50** document requests shall be served by each party on each party.
    c. No more than **50** requests for admissions shall be served by each party on each

party.

5. **Rule 35 Examinations**

    N/A.

6. **Depositions**

    **Plaintiffs' Position:** No more than **ten (10) depositions**, excluding expert witness depositions, shall be taken by each side.

    **Defendant's Position:** No more than **three (3) depositions**, including Rule 30(b)(6) depositions but excluding expert witness depositions, shall be taken by each side.

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

    The parties have reached the following additional agreements concerning the taking of depositions:

    Given the ongoing COVID-19 pandemic, the parties agree to meet and confer regarding the format, location, and timing of each deposition.

8. The parties have **not** agreed upon any additional limitations on discovery procedures.

9. **Other Discovery Issues:**

    a. **Discovery of Electronically Stored Information.** The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order:

        All ESI will be produced in searchable TIFF or PDF format, except as provided herein. Unredacted Excel files, unredacted PowerPoint files, Access databases, and multimedia (audio or video) files will be produced in native format. Microsoft Word or other word-processing documents that contain

tracked changes or comments may, at the producing party's option, be produced in native format or as TIFF images, as long as they contain the tracked changes and comments contained in the original. The parties will meet and confer regarding the production of structured data as needed. Native files will be produced together with a placeholder TIFF image labeled "File Produced Natively" or similar language. Each produced TIFF image will have a Bates number electronically "burned" onto the image that includes an alpha prefix along with a fixed number, *e.g.*, ABC000001. The parties agree that documents will be produced in a commercially searchable format, at the highest resolution available, along with document level extracted text and corresponding metadata and load files. Images will be in black and white, unless color is necessary to understand the meaning of the document.

b. **Claims of Privilege or Protection.** The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502. As a result of those discussions, the parties **do** request the Court to include the following agreements in the scheduling order:

   i. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

   ii. Unless otherwise ordered, the parties are not obligated to include on their privilege logs documents, communications, or other materials that came into existence on or after the date that Plaintiffs' first complaint was filed in this action.

   Privilege logs must be provided by the producing party within **30** days of the production from which documents were withheld.

## EXPERT DISCOVERY

The parties anticipate that they **will** require expert witnesses at trial and that pre-class certification experts **will** be needed. The parties propose that the Court establish the following plan for expert discovery:

1. **Number of Experts**

   Plaintiffs anticipate calling **1-3** experts in the fields of: autodialing, software applications and websites.

   Defendant anticipates calling **1-3** experts in the fields of autodialing, peer-to-peer dialing, and relevant software applications.

2. **Disclosure of Expert Witnesses**

   **Plaintiffs' Position:** Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   a. Identities and reports by Plaintiff[1] on or before **May 9, 2021**.
   b. Identities and reports by Defendants on or before **June 9, 2021**.
   c. Rebuttal identities and disclosures by: **July 9, 2021**.

   **Defendant's Position:** For the reasons explained in Dkt. No. 41, this Court should refrain from setting deadlines for expert disclosures pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal. It would therefore be premature for this Court to set deadlines for expert disclosures at this time.

3. **Expert Discovery Deadlines**

   **Plaintiffs' Position:** Expert discovery, including depositions, shall be completed by **August 6, 2021**.

   **Defendant's Position:** For the reasons explained in Dkt. No. 41, this Court should stay all discovery, including expert discovery, pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal. It would therefore be premature for this Court to set deadlines for expert discovery at this time.

---

[1] The parties should indicate whether, given the issues in the case, it would be more meaningful to identify the deadlines for the disclosing party by who bears the burden of proof on an issue rather than by plaintiffs or defendants.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. **Motions to Amend Pleadings**

   **Plaintiffs' Position:**  Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **September 25, 2020.**

   **Defendant's Position:**  For the reasons explained in Dkt. No. 41, this Court should refrain from setting a deadline for motions to amend the pleadings or add parties pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings.  If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal. It would therefore be premature for this Court to set a deadline for motions to amend the pleadings or add parties at this time.

2. Any motion that seeks to amend the pleadings to add a claim for punitive damages must be filed and served on or before **N/A**.

3. **Non-Dispositive Motions**

   **Plaintiffs' Position:**  All non-dispositive motions and supporting documents, including those that relate to fact and expert discovery, and excluding any Daubert motions, shall be filed and served on or before **September 9, 2021.**

   **Defendant's Position:**  For the reasons explained in Dkt. No. 41, this Court should refrain from setting a deadline for filing non-dispositive motions and supporting documents pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings.  If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal.  It would therefore be premature for this Court to set a deadline for non-dispositive motions and supporting documents at this time.

4. The parties **do** propose that a party be required to request an informal conference with the Court before filing any formal discovery motion.

**PROTECTIVE ORDER**

The parties **do** intend to submit a proposed Protective Order.

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference.

**DISPOSITIVE MOTION DEADLINES**

1. **Completion of Expert Discovery Before Dispositive Motions**

   **Plaintiffs' Position:** Plaintiffs **do** believe that expert discovery must be completed before dispositive motions are filed.

   **Defendant's Position:** Defendant **does not** believe that expert discovery must be completed before dispositive motions are filed. Rule 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

2. **Early Dispositive Motions**

   **Plaintiffs' Position:** Plaintiffs **do not** believe that early dispositive motions (i.e. before the completion of all the fact and expert discovery) on one or more issues could be of material assistance in resolving the case.

   **Defendant's Position:** Defendant **does** believe that early dispositive motions (i.e. before the completion of all the fact and expert discovery) on one or more issues could be of material assistance in resolving the case. In particular, Defendant expects that an early motion for summary judgment on the consent issue and/or the autodialer issue could expeditiously resolve this case. Rule 56 provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

3. **Dispositive Motions Deadline**

   **Plaintiffs' Position:** Plaintiffs recommend that all dispositive motions, including Daubert motions, be filed and served on or before **October 15, 2021**.

   **Defendant's Position:** For the reasons explained in Dkt. No. 41, this Court should refrain from setting a deadline for filing dispositive motions, including Daubert motions, pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal. It would therefore be premature to set a dispositive motions deadline at this time.

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant.  The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

   The results of that discussion, including any proposals or recommendations, are as follows:

   **Plaintiffs' Position:**  Plaintiff requires additional information sought in discovery in order to make a settlement demand.  In addition, the Defendant should address the status of its settlement discussions with the Plaintiff and putative class members in the competing, albeit subsequently filed TCPA class action in the Northern District of Illinois (Eastern Division) – *Diller v. Donald J. Trump for President, Inc., et al.*, 20-cv-01079 (TMD).

   **Defendant's Position:**  Defendant is willing to review any written demand from Plaintiffs.  Until Plaintiffs provide such a written demand, Defendant is unable to assess whether a resolution is possible or likely at this time.

2. Each party will email to Magistrate Judge Bowbeer's chambers, no later than one (1) week before the pretrial conference, a confidential letter of no more than three (3) pages, setting forth such additional, confidential information about the party's interest in settlement or possible settlement proposals that may be of assistance to Magistrate Judge Bowbeer in planning or furthering early settlement efforts.  **PLEASE NOTE:**  This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Bowbeer for ruling.

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## TRIAL

1. **Trial by Magistrate Judge**

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. **Trial Date and Length**

The parties agree that the anticipated length of the **jury** trial is **four (4)** days.

**Plaintiffs' Position on Trial Date:** This case will be ready for trial on: **December 9, 2021**.

**Defendant's Position on Trial Date:** For the reasons explained in Dkt. No. 41, this Court should refrain from setting a date for trial pending the District Court's ruling on Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. If the District Court grants Defendant's Motion, all proceedings in this matter will be stayed pending appeal. Setting a trial date would therefore be premature at this time.

Dated: July 2, 2020

By: /s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr.
Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
tommy@consumerjusticecenter.com

Alexis M. Wood
Kas L. Gallucci
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
alexis@consumersadvocates.com
kas@consumersadvocates.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: <u>July 2, 2020</u>

By:<u>*/s/ Benjamin L. Ellison*</u>
Benjamin L. Ellison (#392777)
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Phone: (612) 217-8800
Fax: (844) 345-3178
bellison@jonesday.com

Brett A. Shumate
Kaytlin L. Roholt
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
bshumate@jonesday.com
kroholt@jonesday.com

*Counsel for Defendant Donald J. Trump for President, Inc.*