UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAN PEDERSON, CONNOR OLSON, and SHELL WHEELER, *individually and on behalf of all those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP FOR PRESIDENT, INC.,<br><br>Defendant. | Civil No. 19-2735 (JRT/HB)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION UNDER § 1292(b) AND FOR A STAY OF PROCEEDINGS** |

Thomas J. Lyons, Jr., **CONSUMER JUSTICE CENTER P.A.**, 367 Commerce Court, Vadnais Heights, MN 55127; Alexis M. Wood and Kas Gallucci, **LAW OFFICES OF RONALD A. MARRON**, 651 Arroyo Drive, San Diego, CA 92103, for plaintiffs.

Benjamin L. Ellison, **JONES DAY**, 90 South Seventh St., Suite 4950, N.W., Minneapolis, MN 55402, for defendant.

Plaintiffs alleged that they received unsolicited text messages from Donald J. Trump for President, Inc. (the "Trump Campaign" or "Campaign"), in violation of the Telephone Consumer Protection Act ("TCPA"). In February 2020, the Trump Campaign filed a Motion to Dismiss, and in June the Court denied the Motion on all grounds. The Trump Campaign now brings a Motion for Certification for interlocutory appeal of that order under 28 U.S.C. § 1292(b) and for a Stay of Proceedings. Because the Trump

Campaign has not demonstrated that this case is an exceptional one in which immediate appeal is warranted, the Court will deny the Trump Campaign's Motion for Certification under 28 U.S.C. § 1292(b), and will deny as moot its Motion for a Stay of Proceedings as it relates to the interlocutory appeal. Furthermore, because a stay based on the arbitration appeal is neither mandatory nor warranted, the Court will deny the Campaign's Motion for a Stay of Proceedings on this ground as well.

## BACKGROUND

In 2019, Plaintiffs Wheeler, Olson, and Pederson received various text messages relating to the Trump Campaign. (Compl. ¶¶ 26, 28, 30, 39, Oct. 18, 2019, Docket No. 1.) Plaintiffs claimed that these texts were entirely unsolicited. (*Id.* ¶¶ 31–32; Decl. of Dan Pederson in Opp'n to Mot. to Dismiss, ¶¶ 3–7, March 30, 2020, Docket No. 29.) In each case, a call to the three ten-digit numbers resulted in an error message or a disconnected dial tone. (Compl. ¶ 34.)

Plaintiffs bring putative class action claims under the TCPA, arguing that the Trump Campaign improperly used automated telephone equipment to send unsolicited text messages in violation of 47 U.S.C. § 227(b)(1). (Compl. ¶¶ 59–78.) The Trump Campaign filed a Motion to Dismiss under Rule 12(b)(1) arguing that Plaintiffs lacked standing, and under Rule 12(b)(6) arguing that the Complaint failed to plausibly state a claim. (Feb. 24, 2020, Docket No. 16.) In the alternative, the Trump Campaign moved to compel arbitration of Pederson's claims under the Federal Arbitration Act. (*Id.*) On June 8, 2020,

the Court denied the Motion to Dismiss on all grounds, finding that Plaintiffs had sufficiently alleged standing and the use of an autodialer, and denied the Motion to Compel Arbitration, finding that the Campaign had not demonstrated the existence of an arbitration agreement.  (Order Denying Mot., Docket No. 38.)

On June 15, The Trump Campaign filed this Motion for Certification under § 1292(b) for interlocutory appeal of the June 8 Order, and also sought a stay of proceedings. (Docket No. 41.)

## DISCUSSION

**I.     MOTION FOR CERTIFICATION UNDER § 1292(B)**

The Trump Campaign argues that this Court should certify this Court's June 8 order denying the Motion to Dismiss for interlocutory appeal.

Under certain narrow circumstances, a district court has the discretion to certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b).  It is the "policy of the courts to discourage piece-meal appeals," and "[p]ermission to allow interlocutory appeals should thus be granted sparingly and with discrimination."  *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (quoting *Control Data Corp. v. International Business Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).  "In accordance with this policy, § 1292(b) 'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'"  *Id.* (quoting S.Rep.

No. 2434, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5260).[1]

Accordingly, "the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.*

First, § 1292(b), requires:

(1) a controlling question of law as to which there is
(2) a substantial ground for difference of opinion and upon which
(3) a decision will materially advance the ultimate outcome of the litigation.

*Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). These elements should be clear and easy to determine; "[w]hen it is particularly difficult to determine whether those three general requirements have been satisfied, then by the nature of the strain in reaching that conclusion, it becomes apparent that section 1292(b) certification is not appropriate." *Id.* at 407.

A question of law is "controlling" if "reversal of the district court's order would terminate the action," or even "if its resolution is quite likely to affect the further course

---

[1] *See also Lerner v. Atl. Richfield Co.*, 690 F.2d 203, 211–12 (Temp. Emer. Ct. App. 1982) (noting that legislative history indicates four situations in which interlocutory appeals are appropriate:
> (1) cases where an (extended) accounting is necessary upon an adjudication of liability; (2) cases where a long trial would be necessary for the determination of liability or damages upon a decision overruling a defense going to the right to maintain the action; (3) cases involving third-party defendants where there would be no reason for going on if they could not be held liable; and (4) cases of transfer of causes when it is claimed that the transfer is not authorized by law (because the transferee court lacks jurisdiction of the parties).

(cleaned up).

of the litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.,* No. 10–4948 (JRT/TNL), 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015) (cleaned up).

As to whether a ground for difference of opinion is substantial, courts have found that the "[i]dentification of 'a sufficient number of conflicting and contradictory opinions'" can be sufficient to meet this element. *White,* 43 F.3d at 378. It is unclear whether the existence of a circuit split constitutes a substantial ground. *Compare McNamara v. Katten Muchin Rosenman LLP*, No. 4:16-CV-01203-SRB, 2017 WL 11493632, at *2 (W.D. Mo. Apr. 21, 2017) ("Disagreement among courts *outside the circuit*, however, does not establish a substantial ground for difference of opinion to support an interlocutory appeal." (emphasis in original)), *with In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (finding a substantial ground exists when "a difference of opinion exists within the controlling circuit; or [] the circuits are split on the question"). Furthermore "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) (*citing In re Flor,* 79 F.3d 281, 284 (2d Cir. 1996)).

The Trump Campaign argues that there are two grounds for certification under § 1292(b): whether an unsolicited text message confers standing under the TCPA and whether Plaintiffs' have sufficiently alleged the use of the autodialer.

### A. Whether an Unsolicited Text Message Constitutes a Concrete Injury Under the TCPA

The Trump Campaign first argues the court should certify an interlocutory appeal based on the question of whether a single unsolicited text message is sufficient to constitute an injury under the TCPA.

Here, the Trump Campaign raises a controlling question of law, given that a contrary finding would terminate the action, at least as to several of the Plaintiffs who allege receipt of only one text message.

As to the next factor, whether there is substantial ground for difference of opinion, the Campaign argues that the factor is met because the Eleventh Circuit has found that a single text message is insufficient to constitute an injury. *See Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).  In its Order on the Motion to Dismiss, the Court noted although *Salcedo* provided the Trump Campaign "some basis" for their argument, the other three circuits to consider the issue—the Second, Seventh, and Ninth—all "found that unsolicited text messages present the same nuisance and privacy invasion envisioned by Congress when it enacted the TCPA." *Pederson v. Donald J. Trump for President, Inc.*, No. CV 19-2735 (JRT/HB), 2020 WL 3047779, at *3 (D. Minn. June 8, 2020) (cleaned up). Moreover, it appears that the only other district court in this Circuit to consider the issue came to the same conclusion as the Court. *See Yashtinsky v. Walmart, Inc.*, No. 5:19-CV-5105, 2019 WL 5986708, at *2 (W.D. Ark. Nov. 12, 2019).

The fact that Court does not find it particularly obvious whether the Trump Campaign has met this element indicates that "1292(b) certification is not appropriate."

*Paschall*, 605 F.2d at 407.  First, as discussed above, it is not clear whether one outlier circuit opinion is sufficient to demonstrate a substantial ground for difference of opinion. Nor is it obvious to the Court that "some basis" for an argument is equivalent to a "substantial ground for difference of opinion" or a "sufficient number of conflicting and contradictory opinions." *White,* 43 F.3d at 378.[2]  Furthermore, the mere fact that the Eighth Circuit has not yet considered the issue is insufficient to certify an interlocutory appeal.  *Couch,* 611 F.3d at 634.

Ultimately, however, the Court does not find the limited authority cited by the Trump Campaign to constitute a "sufficient number of conflicting and contradictory opinions" so as to meet the criterion of substantial ground for difference of opinion*. White,* 43 F.3d at 378.

Accordingly, the Court will deny the Campaign's Motion for Certification on this ground.

**B. Whether Plaintiffs' Allegations of an Autodialer are Sufficient to Survive a Motion to Dismiss**

Next, the Trump Campaign argues the court should certify an interlocutory appeal based on the question of whether Plaintiffs sufficiently pleaded the Campaign's use of an autodialer, given their allegations of a system that dials numbers from uploaded lists.  The

---

[2] *See S.E.C. v. Credit Bancorp, Ltd.,* 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) ("The fact that there is a some [sic] level of disagreement among the courts does not mean, however, that the standards of 1292(b) are necessarily satisfied.").

Campaign argues that at least one circuit has found, at the summary judgment stage, that such a system is not an autodialer, and that an autodialer must randomly generate numbers. *See Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1304–05 (11th Cir. 2020).[3] Indeed, the Supreme Court recently granted a petition for certiorari on the question of "whether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'use a random or sequential number generator.'" Brief for Petitioner at ii, *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (U.S.. July 9, 2020) (alterations accepted).

However, assuming without deciding that these opinions and grant of certiorari constitute a controlling question of law as to which there is a substantial ground of difference of opinion, it is not clear that an interlocutory appeal would materially advance the ultimate outcome of this litigation.

In considering the Campaign's Motion to Dismiss, the Court noted that Plaintiffs alleged that the Campaign used "peer-to-peer text messaging which is an automatic

---

[3] But see *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 287 (2d Cir. 2020) ("As the FCC additionally clarified in 2012, the statutory definition of an ATDS 'covers any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists.'" (quoting *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 15391, 15392 n.5 (2012)); *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018), *cert. dismissed*, 139 S. Ct. 1289 (2019) ("[W]e conclude that the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator' but also includes devices with the capacity to dial stored numbers automatically.")

telephone dialing system that sends text messages to lists of cellular recipients which have been uploaded by the Defendant." *Pederson*, 2020 WL 3047779 at *4 (cleaned up). However, the Court noted that Plaintiffs also alleged that the Campaign "sends text messages through use of automatic telephone dialing systems which used an artificial or prerecorded voice system and had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place text message calls to Plaintiffs' cellular telephones." *Id.* (cleaned up).

Here, Plaintiffs made both allegations in their Complaint – that the Trump Campaign's system used uploaded lists of numbers, but also that it had the capacity to produce and dial (and text) random numbers.[4] Accordingly, even if the Eighth Circuit were to find that that the Eleventh Circuit's reasoning in *Glasser* were convincing, or if the Supreme Court otherwise finds that using lists of numbers is impermissible under the statute, at the Motion to Dismiss stage in the litigation, Plaintiffs alternative allegations would be sufficient to survive dismissal.

Accordingly, the Court will deny the Campaign's Motion for Certification on this ground as well.

C.   **Complexity of Litigation**

---

[4] "[U]nder the federal rules a claimant may plead inconsistent facts in support of alternative theories of recovery." *Babcock & Wilcox Co. v. Parsons Corp.*, 430 F.2d 531, 536 (8th Cir. 1970) (citing Fed. R. Civ. P. 8(e)(2)).

In addition to the issue-specific reasons noted above, the Court additionally finds that the Trump Campaign has not carried its burden to demonstrate that this case would be so complex or expensive or protracted so as to be the sort of case appropriate for interlocutory review. *See White*, 43 F.3d at 376.

Accordingly, the Campaign has not carried "the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.*

## II. MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY REVIEW

The Trump Campaign argues that the Court should stay proceedings while the Campaign seeks interlocutory review of the June 8 Order. Because this Court will deny the Trump Campaign's Motion for § 1292(b) Certification for interlocutory appeal, it will also deny the Campaign's Motion to Stay Proceedings as moot.

## III. MOTION TO STAY PROCEEDINGS PENDING ARBITRATION APPEAL

Finally, the Campaign requests that the Court stay Plaintiff Pederson's claims pending the Campaign's appeal of the Court's Order Denying the Motion to Compel Arbitration. The Campaign argues that such a stay is mandatory because the filing of a notice of appeal of automatically divested the Court of jurisdiction. The Campaign additionally argues that even if a stay is not mandatory, the Court should grant a discretionary stay.

### A. Mandatory Stay

There is a circuit split as to whether a stay in this context is mandatory. *See McLeod v. Gen. Mills, Inc*, No. 15-494 (JRT/HB), 2015 WL 7428548, at *2, n.2 (D. Minn. Nov. 20,

2015) (collecting cases). The Eighth Circuit has not yet weighed in. There is also an intra-circuit split among district courts in the Eighth Circuit that have considered the issue. *Compare McLeod*, 2015 WL 7428548, at *2, *with Engen v. Grocery Delivery E-Servs. USA Inc.*, No. 19-CV-2433 (ECT/TNL), 2020 WL 3072316, at *2 (D. Minn. June 10, 2020). There is unquestionably a diversity of opinion as to whether a stay pending appeal of denial of a motion to compel arbitration divests the Court of jurisdiction. As the Court noted in *Engen*, "[f]aced with no controlling authority, a well-documented circuit split, and a large volume of persuasive authorities and scholarship, the task is not to write anything new (that seems impossible), but to choose between competing positions." *Engen*, 2020 WL 3072316, at *1.

Here, the Court stands by its reasoning in *McLeod*. Although the Court is certainly "prohibited from relitigating the literal question on appeal," it finds that "there is no reason to suggest that arbitration clauses—matters of private contract—are of the same significance as the Constitution's limitations involving double jeopardy and sovereign immunity," which do deprive the Court of jurisdiction. *McLeod*, 2015 WL 7428548, at *2. Therefore, the Court finds that the Trump Campaign's appeal of the Court's October Order did not deprive the Court of jurisdiction over the remainder of the Pederson's claims.

B.     **Discretionary Stay**

The Court balances four factors when determining whether to exercise its inherent power to issue a stay pending an appeal: (1) the likelihood that the stay applicant will succeed on the merits of its appeal; (2) whether the denial of a stay will irreparably harm the moving party; (3) whether issuance of a stay will substantially injure the non-moving party; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first two factors—success on the merits and irreparable harm—are the "most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "A stay is an intrusion into the ordinary processes of administrative and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 427 (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

Here, the Court finds that Trump Campaign has not demonstrated a likelihood of success on appeal. As the Court found in its Order, the Campaign had the burden to show that there was a valid agreement to arbitrate, and it failed to make any such showing. *Pederson*, 2020 WL 3047779 at *5. The Campaign demonstrated that an individual entered Daniel Pederson's name and cell phone number into the Campaign's web form, but did not provide any evidence that the person entering the information was Pederson—an important distinction, given that Pederson alleged in the Complaint and in a sworn affidavit that he had not provided any such information. Without evidence that

Pederson voluntarily interacted with the Campaign, there could be no meeting of the minds, no contract, and no arbitration clause.

Furthermore, the only real harm claimed by the Trump Campaign is having to spend time and money to litigate its issues. However, "cost, inefficiency, and inconvenience do not amount to the 'certain and great' harm that must justify a stay." *Medtronic Sofamor Danek, Inc. v. Gannon*, Case No. 17-cv-00943 (SRN/FLN), 2017 WL 5135556, at *4 (D. Minn. Nov. 3, 2017) (quoting *Iowa Utils. Bd. v. FCC*, 109 F.3d 418, 425 (8th Cir. 1996)).

Because the Campaign has not met either of the "most critical" elements for a stay, the Court need not reach the remaining factors, and will deny a stay. *Nken*, 556 U.S. at 434.

## CONCLUSION

Because the Campaign has not met the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted, the Court does not find that certification is appropriate, and the Court will deny the Campaign's Motion. Furthermore, the Court will deny the Campaign's Motion for Stay Pending Interlocutory Appeal as moot. As to the Campaign's Motion for a Stay Pending Appeal of Arbitration Motion, the Court finds that such a stay is neither mandatory nor warranted here. Accordingly, the Court will deny the Campaign's Motion for a Stay.

-14-

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Certification under 28 U.S.C. § 1292(b) and for a Stay of Proceedings [Docket No. 41] is **DENIED.**

DATED:  July 26, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court